# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

m 99-50500
_____

IN THE MATTER OF:
TRAVIS J. MATSON, DEBTOR.

TRAVIS J. MATSON,

Appellant,

VERSUS

PHYLLIS BRACHER, TRUSTEE,

Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(EP-99-CV-127-H)
_____

March 2, 2000

Before DAVIS, HALL[*], and SMITH,
   Circuit Judges.

PER CURIAM:[**]

Travis Matson appeals the denial and dismissal of his chapter 13 reorganization plan. Concluding that his proposal to pay all cosigned consumer debt before any general unsecured debt is without justification, we affirm.

## I.

Matson filed a petition for relief under chapter 13. Under the proposed reorganization plan, an unsecured, cosigned consumer debt was scheduled to be paid up-front, in full, with interest, before payment of other general unsecured debts; the trustee objected. The bankruptcy court, after a hearing, denied confirmation because the plan proposed to pay the cosigned debt ahead of the general unsecured claims and, as a result, "discriminated unfairly" against the other unsecured creditors in violation of 11 U.S.C. § 1322(b)(1). Accordingly, the case was dismissed for failure to obtain confirmation of the plan.

Matson appealed to the district court, arguing that the requirement that any classification of unsecured debts not unfairly discriminate against general unsecured debts was not applicable to the special category of cosigned consumer debt. The district court affirmed.

## II.

At the time of briefing, this case presented an issue of first impression in the courts of

_____

[*] Circuit Judge of the Ninth Circuit, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeals: whether the prohibition on unfair discrimination in § 1322(b)(1) applies to cosigned debt. Section 1322(b)(1) provides that a reorganization plan may

> designate a class or classes of unsecured claims, as provided in section 1122 of this title, but *may not discriminate unfairly* against any class so designated; *however*, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than [*sic*] other unsecured claims.

11 U.S.C. § 1322(b)(1) (emphasis added). The ambiguously-worded "however" clause led to a split among bankruptcy courts over whether a plan that gives priority to a cosigned consumer debt is invalid if it unfairly discriminates against other unsecured debt.[1]

That split recently was resolved in this circuit by *Chacon v. Bracher (In re Chacon)*, No. 99-50163, 1999 U.S. App. LEXIS 35624 (5th Cir. Sept. 24, 1999), which originated from the same bankruptcy proceeding as the instant case. In Chacon, we interpreted § 1322(b)(1)'s "however" clause as

> clarify[ing] that [differential] treatment of cosigned consumer debt is usually not unfairly discriminatory. Differences in treatment are not discriminatory if they rationally further a legitimate interest of the debtor and do not disproportionately benefit the cosigner, e.g. by reimbursing interest where none is due or reimbursing more than the actual amount of the cosigned debt.

*Id.* at *2-*3.

Thus, we opined that the exception carved out for cosigned consumer debt set up a presumption that such classification was not unfairly discriminatory. Nevertheless, we affirmed the dismissal, opining that where the plan proposed to pay the cosigned debt in full, with 12% interest, there was no justification for the "high and preferential interest rate." *Id.*

Here, the bankruptcy court rejected Matson's plan for the same reasons it rejected Chacon's: Both proposed to pay the cosigned debt in full, with 12% interest, before any unsecured debts were paid. Accordingly, the bankruptcy court's conclusion remains correct under the test articulated in *Chacon*, and the judgment of the district court, affirming the bankruptcy court and denying confirmation, is AFFIRMED.

---

[1] *Compare, e.g., Nelson v. Easley (In re Easley)*, 72 B.R. 948, 955-56 (Bankr. M.D.Tenn. 1987) (holding that consumer debts are subject to the proscription on unfair discrimination) *with In re Dornon*, 103 B.R. 61, 64 (Bankr. N.D.N.Y. 1989) (holding that a cosigned consumer debt is an exception to the general unfair discrimination rule).